UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, AS SUBROGEE OF BLUE BLADE STEEL CORP. D/B/A BLUE BLADE STEEL,<br><br>Plaintiff,<br><br>v.<br><br>EBNER INDUSTRIEOFFENBAU GMBH and EBNER FURNACES, INC.,<br><br>Defendants. | Civ. No. 2:22-cv-6175 (WJM)<br><br>OPINION |

In this action, Defendant Ebner Industrieoffenbau Gmbh ("Ebner Austria" or "Defendant") moves to dismiss the Complaint filed by Plaintiff The Travelers Indemnity Company of America ("Plaintiff"), as subrogee of Blue Blade Steel Corp. d/b/a Blue Blade pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and to compel arbitration pursuant to 9 U.S.C. §§ 2 and 4. ECF No. 13. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion to dismiss is **denied**. Defendant's motion to compel arbitration is **granted.**

I. BACKGROUND

Plaintiff's insured, Blue Blade Steep Corp. ("Blue Blade"), owned a commercial industrial building located in Kenilworth, New Jersey ("Property"), which was used to conduct a metal treating business. Compl., ¶ 9. Defendant Ebner Austria is an Austrian corporation with its principal place of business in Austria. *Id.* at ¶ 2. Ebner Furnaces, Inc. ("Ebner Furnaces"), incorporated and existing under the laws of Ohio, is a wholly owned subsidiary of Ebner Austria. *Id.* at ¶¶ 3, 5.

On or about April 27, 2018, Blue Blade entered into a contract ("Contract") with Ebner Austria to have Ebner Austria modernize Blue Blade's furnace used for its metal treating business. Contract attached as Ex. 1 to Georgia Reid's Cert. of Counsel ("Counsel Cert."), ECF No. 13-5; *see* Compl., ¶¶ 11-17, 51. The Contract includes an arbitration clause that provides in relevant part:

1

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Contract, § 6.17 ("Arbitration Clause"). Ebner Austria renovated and modernized Blue Blade's furnace pursuant to the Contract. Thereafter, on October 25, 2020, a fire began within the furnace system and spread throughout parts of the Property, causing significant damage to Blue Blade's real and personal property. Compl., ¶¶ 16, 19.

On October 20, 2022, Plaintiff filed a Demand for Arbitration against Ebner Furnace. Counsel Cert., Ex. 2, ECF No. 13-6. On the same day, Plaintiff filed this action against Ebner Austria and Ebner Furnace (jointly "Ebner") asserting claims for 1) negligence, 2) gross negligence, and 3) breach of contract. Jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

Ebner Austria now moves to dismiss the Complaint and to compel arbitration on the grounds that all of Plaintiff's claims are governed by the Arbitration Clause. Specifically, Defendant seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Plaintiff disputes that its tort claims are governed by the Arbitration Clause but if such claims are arbitrable, argues that a stay rather than dismissal is the appropriate course.

**II.   DISCUSSION**

   A. Fed. R. Civ. P. 12(b)(1)

Because Defendant's motion to dismiss is based on the existence of an arbitration clause, it is not a challenge to jurisdiction under Rule 12(b)(1). *See Liberty Mut. Fire Ins. Co. v. Yoder*, 112 F. App'x 826, 828 (3d Cir. 2004) ("motions seeking the dismissal of [an] ... action on the basis that arbitration is required are not jurisdictional as they raise a defense to the merits of an action. [citation omitted]." (internal citation and quotes omitted)); *see e.g., Gov't Emps. Ins. Co. v. Mount Propsect Chiropractic Ctr., P.A.*, No. 22-737, 2023 WL 2063115, at *3 (D.N.J. Feb. 17, 2023). Subject matter jurisdiction cannot be revoked or consented to by agreement of the parties. *Hoboken Yacht Club LLC v. Marinetek N. Am. Inc.*, No. 19-12199, 2019 WL 7207486, at *2, n.3 (D.N.J. Dec. 26, 2019); *Olympus Am., Inc. v. Cintas Corp. No.* 20-3428, 2021 WL 1248523, at *4 (D.N.J. Apr. 5, 2021) (noting that compelling arbitration is conceptually same as enforcing contractual provision which is incompatible with finding that court lacks subject matter jurisdiction). Defendant's motion to dismiss pursuant to Rule 12(b)(1) is therefore **denied.**

B. Fed. R. Civ. P. 12(b)(6)

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the plaintiff states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts accept all factual allegations as true and draw "all inferences from the facts alleged in the light most favorable" to plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). But courts do not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Defendant does not argue that Plaintiff's claims are insufficiently pled. Its Rule 12(b)(6) motion to dismiss is based only on the arbitrability of the claims at issue and accordingly, the Court will consider dismissal only in the context of a motion to compel arbitration. *See Gov't Emps. Ins. Co. v. Mount Propsect Chiropractic Ctr., P.A.*, No. 22-737, 2023 WL 2063115, at *3, n.5 (D.N.J. Feb. 17, 2023). Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **denied.**

C. Motion to Compel Arbitration

1. Applicable Standard

If arbitrability is unclear on the face of the complaint or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, a summary judgment standard applies and the motion to compel must be denied pending limited discovery on the issue of arbitrability. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). In contrast, when it is apparent from the face of the complaint and documents relied upon in the Complaint that claims are subject to an enforceable arbitration clause, a Rule 12(b)(6) motion to dismiss standard without the delay of discovery is appropriate. *See id.*

Here, discovery on arbitrability is unwarranted as Plaintiff identifies no issues of disputed fact as to the validity of the Arbitration Clause. In fact, the Complaint on its face references the Contract as the basis for some of Plaintiff's claims. *See* Count III (Breach of Contract). That Plaintiff does not contest the validity or enforceability of the Contract is further evidenced by its filing of a Demand for Arbitration. Moreover, the Contract contains an arbitration provision that while not explicitly mentioned in the Complaint, is plausibly applicable and is incorporated by reference. *See CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 168 n.2 (3d Cir. 2014) (resolving motion to compel arbitration under motion to dismiss standard because arbitration clause appeared in

3

contract that while not appended to complaint, was integral to and referenced in complaint). Accordingly, the Court evaluates this motion to compel arbitration under the standard articulated under Rule 12(b)(6) rather than Rule 56.

### 2. Arbitrability

The Federal Arbitration Act (FAA) evidences a "'national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'" *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 519 (3d Cir. 2019) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Because "arbitration is strictly a matter of consent," courts must "enforce arbitration agreements according to their terms." *Id.* (internal quotes and citations omitted). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009). To decide whether the parties have agreed to arbitrate a certain matter, generally courts apply "ordinary state-law principles that govern the formation of contracts."[1] *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d at 524 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the arbitration agreement is ambiguous about whether the dispute at hand is covered, then the federal policy favoring arbitration applies. *CardioNet*, 751 F.3d at 173; *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d at 521 (internal cites and quotes omitted).

Regarding the first question, as noted earlier, Plaintiff does not dispute the enforceability or validity of the Arbitration Clause. Instead, Plaintiff posits that its tort[2] claims do not fall within the scope of the Arbitration Clause, which is the second question the Court must examine. According to Plaintiff, its tort claims are not within the scope of the arbitration clause because: 1) it says so in its Complaint, *see e.g.,* Compl., ¶ 29 (alleging breach of "extra-contractual" duties), and 2) the determination of whether claims fall within the scope of a contract is a fact issue. These arguments fail. First, the Court does not accept legal conclusions as true on a motion to dismiss. Second, the arbitrability of a dispute is typically a question for judicial determination when as here, there is no factual dispute. *See Century Indem. Co.*, 584 F.3d at 530 ("In view of the absence of a dispute of facts, this case involves contract construction and therefore requires a legal determination.").

---

[1] Generally, New Jersey courts will uphold a contractual choice of law provision as long as it does not violate public policy. *See Nuzzi v. Aupaircare, Inc.*, 341 Fed. App'x. 850, 852 (3d Cir. 2009); *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 228 (3d Cir. 2018) (citing *Pacifico v. Pacifico*, 190 N.J. 258 (2007)). Here, the Contract provides that it "shall be governed by and construed in accordance with the laws of Ohio." Contract, § 6.16. However, the parties do not address this choice of law issue and apart from federal caselaw, cite only New Jersey decisions. Accordingly, the Court relies on New Jersey law, which does not appear to conflict with Ohio law on determining arbitrability.

[2] Plaintiff has not argued that its contract claim is outside the scope of the Arbitration Clause.

4

Instead, in deciding scope, "the plain language of the contract controls." *CardioNet*, 751 F.3d at 173. In this matter, the Arbitration Clause provides for arbitration of "[a]ny controversy or claim arising out of or relating to this contract." As explained by the Third Circuit, "New Jersey '[c]ourts have generally read the terms 'arising out of' or 'relating to' [in] a contract as indicative of an 'extremely broad' agreement to arbitrate any dispute relating *in any way* to the contract.'" *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d at 523 (emphasis added) (citing *Curtis v. Cellco P'ship*, 413 N.J. Super. 26 (App. Div. 2010)). Such broadly worded arbitration clauses have been construed to encompass both tort and contract claims. *Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.*, 168 N.J. 124, 137 (2001). Where the arbitration clause at issue is broad, the presumption of arbitrability is particularly applicable. *Battaglia v. McKendry*, 233 F.3d 720, 725 (3d Cir. 2000).

A party may not "avoid the broad language of an arbitration clause by casting its claim in tort." *Case Medical, Inc. v. Advanced Sterilization Prod. Servs., Inc.*, 2016 WL 3369414, *4 (N.J. Super. Ct. App. Div. June 20, 2016). Thus, the determination of whether a claim falls within an arbitration agreement requires focus on "the factual underpinnings of the claim rather than the legal theory alleged in the complaint." *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55 (3d Cir. 2001) (internal citation and quotes omitted). Here, the crux of both Plaintiff's tort and contract claims is that the fire that damaged the Property was caused by negligence in the performance of work related to the contractually agreed modernization of equipment. *See* Compl., ¶ 18. Plaintiff pleads no *facts* that plausibly suggest that its tort claims arise from acts outside the scope of or "unrelated" to the parties' contractual relationship. Characterizing Defendant's duties as "extra-contractual," Compl., ¶¶ 29, 31, is merely unsupported legal conclusion. *Compare New Mea Construction Corp. v. Harper*, 203 N.J. Super. 486, 494 (App. Div.1985) (finding claim for negligent supervision of construction sounded in contract rather than tort), *with Jackon v. Atlantic City Elec. Co.*, 144 F. Supp. 551 (D.N.J. 1956) (holding contractor's employee was invitee and claim for injuries sustained while working on defendant's premises was tort that fell outside arbitration provision of construction contract).

Moreover, where, as here, the same set of operative facts underpin both tort and contract claims, it is well settled that a broadly worded arbitration provision encompasses the tort claims. *See e.g., Medversant Techs., LLC v. Leverage Health Sols., LLC*, 114 F. Supp. 3d 290, 297 (E.D. Pa. 2015) (concluding that plaintiff's claims, although cast as tort, were within scope of arbitration clause as facts underpinning plaintiff's claims inextricably related to performance of agreement); *U.S. Claims, Inc. v. Saffren & Weinberg, LLP.*, No. 07-0543, 2007 WL 4225536, at *7 (E.D. Pa. Nov. 29, 2007) (collecting cases).

5

Finally, Plaintiff attempts to avoid the broad arbitration clause by insisting that the Contract explicitly excludes the venting system but fails to cite to any specific contractual provision. *See* Compl., ¶ 15. Moreover, Defendant suggests that work on the venting system falls under ¶ 6.5 of the Contract, which provides that "[s]upplies, services, work and equipment not explicitly mentioned are … regarded as additional supplies or services." In any event, the Court cannot conclude that a dispute about whether certain work falls within the scope of the Contract is not a "controversy or claim arising out of or relating to" the Contract.

In sum, in light of the broadly worded Arbitration Clause and because Plaintiff's tort and contract claims share the factual underpinnings, it is at least plausible that Plaintiff's tort claims are arbitrable.[3] Accordingly, Defendant's motion to compel arbitration is **granted.**

### 3. Dismissal or Stay of Proceedings[4]

If the tort claims in this action are arbitrable, Plaintiff correctly argues that instead of dismissal, a stay of proceedings pending arbitration is the appropriate course. Section 3 of the FAA provides that where there is a written arbitration agreement, the court:

> … upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). The Third Circuit has held that under this express language, a court has "no discretion to dismiss a case where one of the parties applies for a stay pending arbitration. The directive that the Court 'shall' enter a stay simply cannot be read to say that the Court shall enter a stay in all cases except those in which all claims are arbitrable and the Court finds dismissal to be the preferable approach." *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004) (holding district court was obligated to grant stay once it decided to order arbitration). Therefore, the Court **denies**

---

[3] Defendant's assertion that Ebner's liability is limited for certain loss including those caused by "tort (including but not limited to negligence), statute or otherwise," Contract, § 6.11, is an issue of contract interpretation that is distinct from the threshold issue of arbitrability and must be decided by the arbitrator. *See Sharon Steel Corp. v. Jewell Coal and Coke Co.*, 735 F.2d 775, 778 (3d Cir. 1984) ("So long as the [] claim of arbitrability was plausible, interpretation of the contract should have been passed on to the arbitrator. … 'Doubts should be resolved in favor of coverage.'" (citing *United Steelworkers v. Warrior*, 363 U.S. 574, 582–83 (1960)).

[4] Although the current motion is filed solely by Defendant Ebner Austria, Plaintiff's request for a stay is as to the entire matter. In any event, while only Plaintiff and Ebner Austria are signatories, "Seller" is defined in the Contract to include Ebner Furnace. Contract, Annex 7 at ¶ 7.3, ECF No. 13-5. *See also Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286 (App. Div. 1993) ("Non-signatories of an arbitration agreement may be bound by the agreement under contract and agency principles.").

Defendant's motion to dismiss this action and **grants** Plaintiff's request to stay the proceeding pending arbitration.

## III. CONCLUSION

For the reasons noted above, Defendant's motion to dismiss is **denied**. Defendant's request to compel arbitration is **granted**. This matter is stayed and administratively terminated pending the outcome of arbitration. Either party may move the Court to reopen the case if arbitration fails to resolve all issues.

                                                    */s/ William J. Martini*
                                               **WILLIAM J. MARTINI, U.S.D.J.**

Date: May 24, 2023